IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Plaintiff,

vs.                                                         No. CV 21-01215 MIS/JFR

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) on the pro se handwritten filing by Plaintiff James Thor Kirk (Doc. 1; Doc. 4 (redacted)) ("complaint"). The Court will dismiss the complaint for failure to comply with the Court's Orders, failure to comply with statutory requirements, and failure to prosecute.

Plaintiff James T. Kirk is a prisoner proceeding pro se. As was set out in the Court's December 27, 2021 Order to Cure, Kirk's handwritten filing is deficient. Kirk's letter complaint seeks to have the United States Attorney General investigate why Kirk did not receive millions of dollars out of a 1988 New Mexico state court wrongful death action that was terminated on June 28, 1990 relating to the death of Kirk's father. (Doc. 1; Doc. 4). Plaintiff Kirk appears to seek recovery of millions of dollars from the United States of America based on deficiencies in the process afforded during the state wrongful death action. (Doc. 1; Doc. 4).

It was unclear whether Kirk may be seeking to recover damages for violation of his constitutional rights. The remedy for recovery of damages for violation of constitutional rights, such as deprivation of due process rights in a court proceeding is under 42 U.S.C.

1

§ 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  Therefore, based on the nature of the claims asserted and the request for damages in the prayer for relief, Plaintiff Kirk appears to be asserting a prisoner civil rights claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

The Court determined that Kirk's filing is properly treated as a civil rights claim under 42 U.S.C. § 1983.  *See Wiley v. Holt*, 42 F. App'x 399, 400 (10th Cir. 2002). The Court notified Plaintiff Kirk that his filing is not in proper form to assert civil rights claims. (Doc. 2 at 1).  The Court also advised Kirk that under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee or authorize Plaintiff to proceed without prepayment of the fee.  (Doc. 2 at 2).  The Court ordered Plaintiff Kirk to cure these deficiencies in his submission within 30 days and provided Plaintiff with the necessary forms for a civil rights complaint and an application to proceed under § 1915.  (Doc. 2 at 2).

The Court's December 27, 2021 Order directed Plaintiff to cure deficiencies in his filing by submitting a complaint in proper form and paying the $400 filing fee or filing an Application to Proceed in the District Court Without Prepaying Fees and Costs within 30 days.  (Doc. 2). On January 27, 2022, Plaintiff filed a motion seeking an additional 30 to 45 days to put his complaint in proper form and to submit an application to proceed *in forma pauperis.*  (Doc. 8).  Approximately 30 days later, Plaintiff submitted an application to proceed under 28 U.S.C. § 1915.  (Doc. 11).  However, the application to proceed was

2

incomplete in that it did not include the required six-month inmate account statement. 28 U.S.C. § 1915(a); Doc. 11 at 2. Plaintiff did not file any complaint in proper form.

Almost five months passed after entry of the Court's Order to Cure Deficiencies. Plaintiff did not cure the deficiencies, request any additional time beyond his first 30 to 45 day request, or explain why he could not comply with the Court's December 27, 2021 Order. The Court, therefore, entered an Order to Show Cause on May 11, 2022 directing Plaintiff to show cause why this case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute. (Doc. 14). The Order to Show Cause notified Plaintiff that, if he did not show cause within 30 days, the Court could dismiss the case without further notice. (Doc. 14 at 3). In excess of 30 days has elapsed and Plaintiff has not shown cause why the case should not be dismissed, has not responded to the Court's Order to Show Cause and has not communicated with the Court since January 27, 2022.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. . . The same is true of simple, nonburdensome local rules . . .." (citation omitted)). Plaintiff has failed to comply with the Court's December 27, 2021 Order, failed to comply with the Court's May 11, 2022 Order, failed to comply with the rules and federal statutes, and failed to prosecute this action. Therefore, the Court will dismiss this case without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the requirements of 28 U.S.C. § 1915, to

comply with the Court's December 27, 2021 Order, failure to comply with the Court's May 11, 2022 Order, and failure to prosecute this action.

Also pending before the Court is Plaintiff's Motion to Appointment of Counsel (Doc. 12).  The Court will deny the Motion as moot in light of the dismissal of this case.

**IT IS ORDERED:**

**(1)** Plaintiff's Motion to Appointment of Counsel (Doc. 12) is **DENIED** as moot; and

**(2)**  the pro se handwritten filing by Plaintiff James Thor Kirk (Doc. 1; Doc. 4 (redacted)) is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b).

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE